## United States District Court
## District of Minnesota

| | |
|---|---|
| Shannon Fuller, | Court file no. _____ |
| Plaintiff, | |
| v. | **Complaint** |
| Allied Interstate LLC, and Central Credit Services, Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |

### Jurisdiction

1.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in their illegal efforts to collect a consumer debt.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

**Parties**

4.    Plaintiff Shannon Fuller is a natural person who resides in Blue Earth, County of Faribault, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.    Defendant Allied Interstate, LLC, ("Allied Interstate") is a Minnesota limited liability company and collection agency with its mailing address at 12755 State Highway 55 #300, Plymouth, MN 55441, and its registered agent, CT Corporation Systems, Inc., at 100 South 5th Street #1075, Minneapolis, MN 55402. Allied Interstate is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6.    Defendant Central Credit Services, Inc., (hereinafter "Defendant CCS") is a collection agency operating from an address of 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225, with a registered agent in Minnesota of C T Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, Defendant CCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

*Background*

7.    In or before 2009, Plaintiff and his ex-wife allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely four alleged student loans with Sallie Mae.

8.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Allied Interstate and Defendant CCS for collection.

*Plaintiff Agrees to a Payment Plan with Defendant Allied Interstate*

9.    In or about February 2013, Defendant Allied Interstate began contacting Plaintiff by telephone, and each call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.   Plaintiff spoke with Jesse Myers, a debt collector employed by Defendant Allied Interstate.

11.   Defendant Allied Interstate's collector discussed a variety of payment options for all four loans with Plaintiff.

12.   Defendant Allied Interstate's collector offered an "interest-rate reduction" payment plan, or words to that effect.

13.    Under the plan, if Plaintiff made a down payment of $2,000, followed by three monthly payments of $175, Sallie Mae would reduce the interest rate of all four loans to .0001%. Plaintiff was then required to make monthly payments of $175 until the loans were satisfied.

14.    Plaintiff agreed to the proposal, and sometime thereafter, Plaintiff and Defendant Allied Interstate executed a written agreement incorporating the above-described terms.

15.    The agreement is signed by Defendant Allied Interstate's collector Jesse Myers, on behalf of "Sallie Mae Inc / Allied Interstate LLC."

*Plaintiff Makes Payments and Defendant Allied Interstate Breaches the Agreement*

16.    Plaintiff made the down payments totalling $2,000 between February 27, 2013 and March 5, 2013.

17.    A review of Plaintiff's payment history at Sallie Mae indicates that not all of the funds from the down payments were applied to Plaintiff's student loans.

18.    For the monthly payments, Plaintiff provided his checking account information and agreed to automatic monthly withdrawals, to ensure that the $175 payments were timely processed.

19.     Plaintiff's first two payments were debited from his checking account on or about March 15, 2013 and April 15, 2013.

20.     A review of Plaintiff's payment history at Sallie Mae indicates that not all of the funds were applied to Plaintiff's student loans.

21.     After the April 15, 2013 payment, Defendant Allied Interstate did not debit any additional funds from Plaintiff, nor did it request any additional payments from Plaintiff.

22.     Plaintiff is informed and believes that he was not enrolled in an interest-reduction payment plan with Sallie Mae or Defendant Allied Interstate.

23.     By breaching the agreement and misapplying Plaintiff's funds, Defendant Allied Interstate violated numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, among others.

*Plaintiff is Told the Payment Agreement is Not Valid*

24.     In or around early July 2013, Plaintiff was contacted by telephone by a different debt collector, Defendant CCS, in regards to this debt. This phone call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25.   Defendant CCS's representative told Plaintiff that his loans were due and payments were outstanding, or words to that effect.

26.   Plaintiff explained that he had reached an agreement with Sallie Mae through Defendant Allied Interstate, or words to that effect.

27.   Defendant CCS's representative told Plaintiff that Defendant CCS had taken over a number of Sallie Mae accounts from Defendant Allied Interstate, or words to that effect.

28.   Defendant CCS's representative also told Plaintiff that he was not eligible for an interest reduction payment plan, and he never should have been enrolled in the plan, or words to that effect.

29.   Defendant CCS's representative told Plaintiff that based on it's review of the loans, it appeared that there were only three outstanding loans, rather than four, or words to that effect.

30.   Plaintiff offered to provide a copy of the agreement to Defendant CCS, but the representative said they did not need it, and Plaintiff would need to contact Sallie Mae or Defendant Allied Interstate about the agreement, or words to that effect.

31.   At that point, Plaintiff was frustrated and confused, and asked Defendant
      CCS representative why he should discuss another potential payment
      agreement, when he had already entered into one, or words to that effect.

32.   Defendant CCS's representative told Plaintiff that they did things by the
      book, or words to that effect.

33.   Despite that statement, Defendant CCS representative declined to review
      the existing payment agreement, and made no effort to resolve the issue.

34.   Instead, Defendant CCS then attempted to collect the debt and reach an
      additional payment agreement with Plaintiff.

35.   This communication from Defendant CCS was a collection communication
      in violation of numerous and multiple provisions of the FDCPA, including,
      but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(11), among
      others.

      *Sallie Mae Tells Plaintiff that the Payment Agreement is Not Valid*

36.   After being contacted by Defendant CCS, Plaintiff contacted Sallie Mae, the
      current holder of the loans, to discuss his written agreement with
      Defendant Allied Interstate, on behalf of Sallie Mae.

37.   A representative from Sallie Mae told Plaintiff that they had "nothing to do" with the loans anymore, and that they had no knowledge of his agreement with Defendant Allied Interstate, or words to that effect.

38.   After that call, Plaintiff called Defendant Allied Interstate to discuss the loans and the agreement. This phone call became a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

39.   Plaintiff spoke with a representative of Defendant Allied Interstate and explained that another debt collector was attempting to collect on his loan, despite the fact he had signed an agreement with Defendant Allied Interstate, or words to that effect.

40.   Defendant Allied Interstate's representative told Plaintiff that he would look into it and get back to Plaintiff, or words to that effect.

41.   Plaintiff did not hear back from Defendant Allied Interstate. As a result, he called again and left a message requesting a return call. Plaintiff did not receive a return call or any correspondence from Defendant Allied Interstate.

42.   By falsely entering into a payment agreement, failing to abide by the agreement, Defendant Allied Interstate violated numerous and multiple

provision of the FDPCA, including, but not limited to §§ 1692e, 1692e(2), 1692e(10), and 1692f, amongst others.

**Summary**

43.    All of the above-described collection communications made to Plaintiff by these individual Defendants and other collection employees employed by the Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

44.    Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of emotional distress, including but not limited to: stress, frustration, and anxiety, amongst other negative emotions.

**Respondeat Superior Liability**

45.    The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by the Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendant Allied Interstate and Defendant CCS.

46.    The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the general nature as, the

responsibilities these agents were authorized to perform by Defendant

Allied Interstate and Defendant CCS in collecting consumer debts.

47.   By committing these acts and omissions against Plaintiff, these individual

Defendants and these other debt collectors were motivated to benefit their

principals, Defendant Allied Interstate and Defendant CCS.

48.   Defendant Allied Interstate and Defendant CCS are therefore liable to

Plaintiff through the Doctrine of Respondeat Superior for the intentional

and negligent acts, errors, and omissions done in violation of state and

federal law by its collection employees, including but not limited to

violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### Trial by Jury

49.   Plaintiff is entitled to and hereby respectfully demand a trial by jury.

US Const. Amend. 7; Fed. R. Civ. P. 38.

### Cause of Action

**Count 1:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692 et seq.**

50.   Plaintiff incorporates the foregoing paragraphs as though fully stated

herein.

51.    The foregoing intentional and negligent acts and omissions of Defendants

constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the

FDCPA, 15 U.S.C. §§ 1692–1692p.

52.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

each and every Defendant.

**Request for Relief**

**Wherefore**, Plaintiff requests that judgment be entered against each Defendant

for:

**Count 1:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692 et seq.**

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be

  determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. §

  1692k(a)(3); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: <u>January 29, 2014_____</u>        <u>*s/Randall P. Ryder*_____</u>
Randall P. Ryder (#389957)
2701 University Avenue SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

Attorney for Plaintiff

# Verification of Complaint and Certification

STATE OF MINNESOTA     )
                                   ) ss

COUNTY OF HENNEPIN     )

Pursuant to 28 U.S.C. § 1746, Plaintiff Shannon Fuller having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.  I am a Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:___/-28-14___                                                    
Shannon Fuller